IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL J. CRUM,

                          Plaintiff,                                OPINION AND ORDER

    v.

                                                                   22-cv-103-wmc

CRYSTAL BROOK WOODS OWNERS
ASSOCIATION, MARY FOGARTY and
CAROL SIEVERT,

                          Defendants.

*Pro se* plaintiff Michael J. Crum filed this lawsuit against the Crystal Brook Woods Owners Association ("Owners Association"), Mary Fogarty and Carol Sievert. Under 28 U.S.C. § 1331, Crum is pursuing claims against defendants for violation of his federal statutory and constitutional rights, claiming that he has been criminally prosecuted and subject to civil suit based on defendants Fogarty's and Sievert's lies about his use of his property. Crum has paid the full filing fee, so the court is not required to screen his complaint under 28 U.S.C. § 1915. However, the court has inherent authority to screen and dismiss cases, *sua sponte*, and further has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citations omitted). Since Crum's claims in the lawsuit seek direct review of two different state court proceedings, this court must dismiss this lawsuit for lack of subject matter jurisdiction.

OPINION

Crum's claims in this lawsuit arise from two incidents related to his use of his property in Arkdale, Wisconsin. First, in 2015, he was convicted of setting fire without extinguishing it, in violation of Wis. Stat. § 26.14(5). *State v. Crum*, No. 2013CM443 (Adams Cnty.).[1] Crum alleges that defendant Fogarty, the president of the Crystal Brook Woods Owners Association, lied under oath, leading to his conviction by a jury. That criminal conviction has not been overturned.

Second, in October of 2020, Crum was sued by the Owners Association in Adams County Circuit Court case 2020CV95, apparently for removal of certain items from the property. *Crystal Brook Woods Owners Assoc. v. Crum*, No. 2020CV95 (Adams Cnty. Oct. 5, 2020). Crum claims that in June of 2021, his neighbor, defendant Sievert, permitted the Owners Association to place surveillance cameras on her property. Crum further alleges that Sievert or someone on her property vandalized the lot line marker between their properties. On June 28, 2021, the court imposed an injunction requiring Crum to remove cars and junk, to complete a building project and to bring the property into compliance by October 31, 2021. While Crum initiated an appeal of that judgment, his appeal was dismissed for his failure to file a supporting brief. *See Crystal Brook Woods Owners Assoc. v. Crum*, No. 2021AP1267 (Wis. Ct. App. Nov. 16, 2021).

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously and draw all reasonable inference in his favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted, and has incorporated information from the electronic docket of plaintiff's state court circuit and appellate proceedings, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov and https://wscca.wicourts.gov (last visited April 12, 2022).

Additionally, on June 30, 2021, Sievert filed an allegedly false police report, charging Crum with removing a valid lot line marker from her property. On December 7, 2021, Sievert falsely testified against him, leading to him being convicted of theft of movable property. *Adams County v. Crum*, No. 2021FO223 (Adams Cnty. Dec. 7, 2021).

Crum claims that defendants violated his Fourteenth Amendment rights as well as 18 U.S.C. §§ 1621, 1623 (federal perjury and false declaration statutes), and further that, because of these fabricated crimes, he has been unable to pursue his desired profession. Additionally, in Case No. 2020CV95, the Crystal Brook Woods Owners Association obtained a court order to raise his building and property. Crum therefore asks that this court enjoin "any Adams County Circuit Court directives or judgments" against him from Case No. 2020CV95, and to prevent the association from commencing any future action against him. He also seeks monetary damages from all defendants.

Yet this court may not address his claims since Crum is seeking direct review of state court proceedings. This court cannot interfere with the civil judgments under what is known as the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). This doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Crum's recourse for what he believes are incorrectly

decided state-court cases is in the state appellate system, not in a federal district court, which has no authority to overturn a judgment issued by a state court. *See Nora v. Residential Funding Co., LLC*, No. 10-cv-748-wmc, 2012 WL 12995759, at *6 (W.D. Wis. Sept. 30, 2012), *aff'd*, 543 F. App'x 601 (7th Cir. 2013) (*Rooker-Feldman* prevented federal court from hearing claims alleging injury from state-court foreclosure judgment). Although Crum may no longer timely appeal those rulings, that does not form a basis for this court to exercise jurisdiction over his claims.

Moreover, while Crum appears most focused on challenging the state civil proceedings, to the extent Crum is seeking to obtain monetary damages for the events related to his criminal proceedings, he is barred from seeking such relief by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Given that nothing in Crum's pleadings or the publicly available information suggests his two criminal convictions have been invalidated or called into question, his challenges to defendants' involvement in those proceedings is barred. Accordingly, the court is dismissing this case without prejudice, for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) Plaintiff Michael Crum's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

2) The clerk of court is directed to close this case.

Entered this 13th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge